## GEORGE TURNER & another *vs.* CHARLES D. COOLIDGE.

A part of a vessel at sea was sold to A. who resided at Portland. The vessel arrived at Boston with a return cargo, and was there eleven days, when she sailed on another voyage, under the direction of the other part owner, whom A. had requested to take charge of her : It did not appear that A. knew the vessel was at Boston : After the vessel returned to Boston from her second voyage, and was unloaded, she was attached as the property of A.'s vendor ; A. never having taken formal possession. *Held,* that A. had not been guilty of laches, and that he was entitled to hold against the attaching creditor of his vendor.

REPLEVIN, to try the plaintiffs' title to the brig Canton. The parties agreed the following facts : Both plaintiffs are inhabitants of Portland. In March, 1839, the brig belonged to Turner, one of the plaintiffs, and A. Staples of Hallowell, and in that month sailed from Portland on a voyage to Matanzas, and thence to Boston. Turner was the managing owner, and had the entire control of the brig. Staples sold his interest in the brig, soon after she thus sailed, to Merrill, the other plaintiff, and

Turner & another *v.* Coolidge.

executed and delivered a bill of sale, in the usual form, which was deposited in the custom-house at Portland, where the brig was registered. In May, 1839, after the execution of said bill of sale, the brig arrived in Boston with a cargo, which was unloaded ; and, after remaining there eleven days, she sailed again for Matanzas. Turner was in Boston, while the brig was there, and knew she was in port ; and there was time, while she was 'n Boston, to have sent to Merrill, and for him to have come to Boston to take possession. But there was no evidence that he knew the brig was at Boston. In July, 1839, the brig returned to Boston, and after discharging her cargo, was attached by the defendant, a deputy sheriff, as the property of Staples, on a suit against him. At the time of the attachment, Merrill had never taken formal possession of the brig ; but after the sale to him by Staples, Turner, at his request, continued to take charge of the brig, as he had done previously.

*Dehon*, for the plaintiffs.

*G. Minot*, for the defendant.

PER CURIAM. The general rule is, that the sale of a vessel abroad is good, provided possession be taken within a reasonable time after her return.

We are strongly inclined to the opinion, that the possession of one part owner, who acts for himself, and, at the request of the other part owner, acts for him, supersedes the necessity of a formal taking of possession, and vests the property in the vendee.

But without deciding the case on that ground, it is impossible to distinguish this case from that of *Joy* v. *Sears*, 9 Pick. 4. Under the circumstances of the case, as agreed, laches is not imputable to the plaintiff, Merrill. No unreasonable time had elapsed, when the attachment was made, and therefore the vessel was not liable to be attached as the property of Staples, the former owner.

*Judgment for the plaintiffs.*